IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| LORI FLOOD, | * |
| Plaintiff | * |
| v. | * |
| | Case No. 1:12-cv-02100 |
| UNIVERSITY OF MARYLAND MEDICAL SYSTEM CORPORATION | * |
| Defendant | * |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## CONFIDENTIALITY STIPULATION AND QUALIFIED PROTECTIVE ORDER

WHEREAS, Plaintiff Lori Flood ("Plaintiff" or "Ms. Flood"), and Defendant University of Maryland Medical System Corporation ("Defendant" or "UMMS"), the Parties to the above-captioned litigation (hereinafter "the Action"), have produced and will be producing documents that may contain or incorporate information that one or both Parties may contend is confidential (hereinafter "Confidential Material") and/or information that one or both Parties may believe to be so extraordinarily sensitive that it is entitled to extraordinary protection (hereinafter "Highly Confidential Material"), including but not limited to protected health information ("PHI") as defined by the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"); and

WHEREAS, the Parties wish to protect from disclosure materials that are Confidential and Highly Confidential; and

WHEREAS, the Parties agree that any party's disclosure of materials during the course of litigation in the Action should not in any way, shape or form operate to waive any protection for such materials as confidential as is currently afforded under applicable law:

NOW, THEREFORE, IT IS HEREBY STIPULATED TO AND ORDERED THAT:

1. The Parties acknowledge and agree that the recitals set forth above constitute a

material part of this Agreement, and are expressly incorporated herein.

2.  This Confidentiality Stipulation and Protective Order ("the Protective Order") shall apply to all information, materials or tangible things subject to discovery in the Action, including, without limitation, documents, electronic media, testimony and responses produced in the course of this litigation by any party or nonparty (the "Producing Party"), which any party believes in good faith to contain material that is Confidential and/or Highly Confidential;

3.  All material designated as Confidential and/or Highly Confidential Material produced or provided by any Producing Party in the instant matter shall be used by the party receiving or reviewing it (the "Receiving Party") only for the purposes of preparing for and conducting the litigation (including any appeals) or settlement of the instant action and shall not be used for any other purpose whatsoever.

4.  Neither the designation of information as Confidential and/or Highly Confidential by any party pursuant to this Protective Order nor the description of permissible categories of Confidential material or Highly Confidential material in this Order; nor the failure on the part of a party to contest the designation of information by the other party as Confidential and/or Highly Confidential material, shall be construed in any way whatsoever as a concession or finding that such information is relevant or material to any issue in the instant matter. Moreover, the inclusion of a procedure for the designation of information as Highly Confidential does not constitute an acknowledgement or admission that any information that will be produced in this litigation is subject to the extraordinary protections set forth below with respect to Highly Confidential material.

5.  This Protective Order is made without prejudice to the Parties' objections to producing or disclosing material deemed by a Party to be Confidential and/or Highly

Confidential material on the grounds of relevance, the attorney-client privilege, the attorney work-product doctrine, or any other privilege, immunity or basis for objection.

6. The production or disclosure of material designated as Confidential and/or Highly Confidential by any Producing Party shall in no way constitute a waiver of any party's right to object to the production or disclosure of other confidential material or information and shall have no effect on any other dispute over the Parties' right to apply to the Court for a further protective order relating to any Confidential and/or Highly Confidential Material.

### Method of Designating Confidential Material

7. To fall within the scope of this Confidentiality Order, all such Confidential Material shall be designated as "Confidential" by the Producing Party by stamping it as such, or by otherwise clearly designating it as "Confidential".

8. To fall within the scope of this Protective Order, all Highly Confidential material shall be designated as "Highly Confidential" by the Producing Party by stamping each and every page and/or reference as such, or by otherwise clearly designating each and every page and/or reference as "Highly Confidential."

9. If a party receives documents that were not stamped by the Producing Party as "Confidential" or "Highly Confidential", the receiving party may, within five (5) business days of receipt of such documents, designate materials as "Confidential" and/or "Highly Confidential" in accordance with the general terms of this Protective Order.

10. To designate deposition testimony as Confidential or Highly Confidential Material, the party requesting the designation may state during the deposition which testimony should be treated as Confidential and/or Highly Confidential and request that the Court reporter print that portion of the transcript separately and mark it Confidential and/or Highly

Confidential. Notwithstanding the foregoing, within three (3) business days of receipt of a deposition transcript from the Court reporter, any party shall have the right to designate particular deposition testimony and/or exhibits as Confidential and/or Highly Confidential Material, even if the party failed to designate such information as Confidential and/or Highly Confidential Material at the time of the deposition. Accordingly, all Parties will treat any and all deposition transcripts as Highly Confidential for the first three (3) business days after the transcript is received by counsel. The party making the designation shall be responsible for ensuring that those portions of the deposition transcript and exhibits designated Confidential and/or Highly Confidential are stamped and bound by the reporter in the manner described herein.

11. If any party or nonparty required to produce material or information in the litigation of the instant matter inadvertently produces any Confidential and/or Highly Confidential Material without marking it with the appropriate legend, that party may, at any time after its inadvertent disclosure, notify all other parties to this action that the material is deemed Confidential and/or Highly Confidential and should be treated as such in accordance with the provisions of the Protective Order.

12. Upon receipt of the notice pursuant to Paragraphs 7, 8, 9, 10, and 11, *above*, that a document, tangible, thing, deposition transcript, or portion of deposition transcript has been designated, all Parties (and, where applicable, any agents of the Parties) in possession of such material shall stamp it with the appropriate designation.

<u>Reproduction of Confidential Material</u>

13. No material marked Confidential and/or Highly Confidential Material shall be reproduced except as required in connection with the litigation of the instant case. Any person

making, or causing to be made, photocopies, excerpts, blow-ups or demonstrative material reflecting any Confidential and/or Highly Confidential Material (such as charts or diagrams) shall make certain that each such item bears the appropriate Confidential and/or Highly Confidential marking.

14.  All copies or derivations of material marked Confidential and/or Highly Confidential Material shall be afforded the same level of protection extended to originals so marked, as provided in this Protective Order and shall be treated as such.

Use of Confidential and/or Highly Confidential Material

15.  Material marked Confidential and/or Highly Confidential Material may be referred to by a Receiving Party or Producing Party in papers filed with the Court in the Action and/or in discovery papers. However, no such information shall be used for any of these purposes unless the papers, or the portion thereof containing materials marked Confidential and/or Highly Confidential Material, are appropriately designated, redacted, and, if filed with the Court, filed under seal pursuant to Local Civil Rule 105.11, with the party making such a filing simultaneously submitting a motion and accompanying order.

16.  Material marked Confidential and/or Highly Confidential Material may be used at trial by any party, if otherwise admissible, subject to reasonable safeguards as may be requested by Producing Party or set by the Court to limit or prevent unnecessary disclosure.

Method for Objecting to Confidential and/or Highly Confidential Designation

17.  If any disagreement arises between the Parties regarding the designation of documents, information or other material as Confidential and/or Highly Confidential Material, before seeking review by the Court the Parties shall first make a good faith attempt to resolve such disagreement without Court involvement. To that end, if any party objects to the

designation of any material as Confidential and/or Highly Confidential material, the Objecting Party must request in writing of the Designating Party that such designation be removed.

18. If the Designating Party fails to respond to a request or refuses to remove the Confidential and/or Highly Confidential Material designation, the Objecting Party shall be permitted to file an appropriate motion with the Court raising the issue of designation with the Court. It shall be the burden of the Designating Party under such circumstances to establish that the information so designated is appropriately considered Confidential and/or Highly Confidential within the meaning of this Protective Order, applicable law and any applicable rules of procedure. In the event of such a motion, the material at issue may be submitted to the Court for an *in camera* inspection.

### Persons Qualified to Receive or Review Confidential Material

19. Material marked as "Confidential", and any documents or things derived therefrom or based thereon, may only be disclosed or made available to "Qualified Persons", who are defined to consist of:

(a) The Court and employees of the Court (in the manner provided by this Confidentiality Order);

(b) Counsel to the parties in the instant matter (both in-house and outside counsel), including clerical, secretarial and paralegal staff employed by such counsel or government agency;

(c) Experts or consultants and their staff assisting in the prosecution or defense of the instant matter;

(d) Plaintiff and Defendant;

(e) Court reporters and other persons involved in recording deposition

testimony in this action by any means;

(f) Any other person to whom the Producing Party agrees in writing;

(g) Commercial photocopying services ordinarily used by counsel for the purposes of photocopying, if such services are deemed reasonably necessary under the circumstances; and

(h) any other person or entity if required by law.

Persons Qualified to Receive or Review Highly Confidential Material

20. Material marked "Highly Confidential", and any documents or things derived therefrom or based thereon, may only be disclosed or made available to:

(a) The Court and employees of the Court (in the manner provided by this Protective Order);

(b) Counsel to the parties in the instant matter, including clerical, secretarial, and paralegal staff employed by such counsel;

(c) Court reporters and other persons involved in recording deposition testimony in this action by any means; and

(d) Individuals and/or entities specifically authorized to review such material by the Court.

Any copies made of Highly Confidential material must be made "in-house" by the Receiving Party's outside counsel and not by a commercial photocopying service.

21. Prior to reviewing or receiving Confidential and/or Highly Confidential Material in any manner, all experts or consultants and their staff who are Qualified Persons under Paragraphs 19 and 20, *above*, shall execute an undertaking in the form of Exhibit A hereto. Counsel for the party providing Confidential and/or Highly Confidential Material to such

Qualified Person(s) shall maintain a complete record of every original signed undertaking obtained from any person pursuant to this paragraph, and shall provide the Producing Party's counsel with a copy of such signed certificate at least thirty (30) days after the conclusion of all proceedings, whether by settlement, dismissal, judgment, or otherwise, and after all appeals have been exhausted. In addition, if the identity of outside experts and consultants must be disclosed pursuant to court order, statute or otherwise, a copy of all undertakings executed by such disclosed experts or consultants shall be furnished to the Producing Party upon request.

22. No Confidential Material shall be disclosed to any persons other than Qualified Persons, and no Highly Confidential Material shall be disclosed to any persons other than those set forth in Paragraph 20, *above*. However, nothing contained herein shall (a) prevent any party from disclosing or employing its own Confidential and/or Highly Confidential Material as it deems appropriate in its sole discretion, or (b) be deemed to impose any restriction on the use or disclosure by a party or witness of materials or information obtained independently of the discovery proceeding in the instant matter.

23. In the event any person to whom Confidential and/or Highly Confidential Material is disclosed ceases his or her involvement in the instant action, his or her access to Confidential Material shall be terminated immediately. The provisions of this Protective Order shall remain in full force and effect as to any such person.

24. If any material marked Confidential and/or Highly Confidential Material in the possession of a Receiving Party or Qualified Person is subpoenaed by any court, administrative or legislative body, or by any other person purporting to have authority to subpoena such materials or information, the party to whom the subpoena is directed shall immediately (but, in no event, within more than two (2) business days) give notice of a subpoena and deliver a copy

thereof to the attorney for the Producing Party. Notwithstanding the above, in no event shall any Receiving Party produce any Confidential and/or Highly Confidential Material to any third party without giving the Producing Party at least two (2) business days' notice.

### Conclusion of the Litigation

25. Within ninety (90) days of the final disposition of this action, all materials marked Confidential and/or Highly Confidential Material, and all copies or extracts thereof, shall be returned to the Producing Party or, at the Producing Party's option, shall promptly be destroyed, except that briefs and other court papers prepared for use in the instant matter need not be returned or destroyed but shall be kept confidential by all counsel for the Parties.

26. At the end of litigation, the Clerk of the Court is permitted to return to counsel or destroy any sealed material.

27. The binding effect of this Protective Order shall survive termination of this action, and the Court shall retain jurisdiction to enforce the Protective Order.

28. The provision of this Protective Order shall be effective and binding as between the Parties, counsel, and any Qualified Person as of the date of the execution of Exhibit A hereto.

**SO ORDERED:**

JUNE 13, 2013

*[signature]*
The Honorable George L. Russell, III
U.S. District Court Judge

# EXHIBIT A

RE: Lori Flood v. University of Maryland Medical System Corporation, Civil Case No. 1:12-cv-02100

## AGREEMENT TO BE BOUND BY PROTECTIVE ORDER

I, the undersigned, hereby acknowledge that I have received a copy of the foregoing Confidentiality Stipulation and Protective Order ("the Protective Order"), have read same and agree to be bound by all provisions thereof. I irrevocably submit myself to the jurisdiction of the United States District Court for the District of Maryland for enforcement of this Agreement. I understand that if I violate the terms of the Agreement, I may be subject to an order holding me in contempt of court.

DATED: _____.

_____
Signature

_____
Printed Name